CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 09 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| FRANK VIGIL, JR., | ) | Civil Action No. 7:15-cv-00063 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JOHN WALRACH, et al., | ) | By:   Hon. Michael F. Urbanski |
|     Defendants. | ) |        United States District Judge |

Frank Vigil, Jr., a Virginia inmate proceeding pro se, filed a motion for a preliminary injunction because he is tired of being housed in a high-security setting at Red Onion State Prison ("ROSP"), which makes it more difficult to communicate with family, friends, and attorneys in Colorado. A preliminary injunction is an "extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A movant must establish four elements before a preliminary injunction may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 23.

Plaintiff fails to establish that he is likely to succeed on the merits of his claims about the restrictive conditions of confinement at ROSP, he will suffer "irreparable" harm, or that the balance of equities tips in his favor. Plaintiff further fails to establish how an order requiring Plaintiff to be moved to a less secure prison furthers the public's interest when that interest is served by deferring to correctional officials about the appropriateness of maintaining security.

See, e.g., 18 U.S.C. § 3626(a)(2) ("The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity. . . ."); Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating an institution in a manageable fashion are considerations peculiarly within the province and professional expertise of corrections officials). Accordingly, Plaintiff fails to satisfy the elements for a preliminary injunction, and his motion for a preliminary injunction is denied.

**ENTER**: This 9th day of ~~August~~ September, 2015.

/s/ Michael F. Urbanski
United States District Judge